**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**PHI HEALTH, LLC,**

***Petitioner*,**

**v.**

**SENDERO HEALTH PLANS, INC. and XYZ CORP.,**

***Defendants*.**

**CIVIL ACTION NO.:** 1:25-CV-0017

## COMPLAINT TO CONFIRM ARBITRAL AWARD

PHI Health, LLC brings this complaint to confirm the arbitration awards entered in PHI's favor ("IDR No. 526842 and IDR No. 526841" or "IDR Awards") and to enter judgment for PHI in the amount of $32,586.81 plus attorney's fees and prejudgment and postjudgment interest.

## INTRODUCTION

1. This action is necessary because Defendant has refused to pay to PHI the money that they were ordered to pay in arbitration awards rendered pursuant to the federal No Surprises Act.

2. PHI is an air ambulance company that provides emergency medical transports to patients across the country. PHI transported a patient covered by Defendant. After Defendant refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the federal No Suprises Act. That Act gives PHI the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of reimbursement owed. The

arbitration is called "Independent Dispute Resolution," or IDR; the arbitrator is called an "IDR entity."

3. The No Surprises Act makes the IDR entity's determination "binding upon the parties involved," and requires the group health plan or insurer to pay what it owes within thirty calendar days after the IDR entity's determination is made.

4. This confirmation action is made necessary because Defendant has failed—for many months—to pay PHI what the IDR entity's determination, and the No Surprises Act, require Defendant to pay for PHI's services.

5. PHI therefore brings this petition, pursuant to the Federal Arbitration Act ("FAA") and the Texas Arbitration Act ("TAA") to enter an order confirming the IDR award and judgment against Defendant for the amount of money it owes. PHI also brings a claim for judgment on a "sworn account." And PHI brings a claim under the Texas Prompt Payment Act for 18% interest and attorneys' fees.

## PARTIES

6. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendant; PHI is thus a "nonparticipating provider" for purposes of the No Surprises Act.

7. Defendant Sendero Health Plans, Inc. ("Sendero") is an insurance company that issued a health insurance policy to the patient transported by PHI. Sendero is a domestic company with an office in Austin, Texas. It may be validly served with process at 111 Congress Avenue, Suite 1400, Austin, Texas 78701 through its registered agent Michael R. Crowe.

8. If Sendero is not in fact the insurance company that issued the health insurance policy to the patient transported by PHI, then the identity of the insurance company is unknown to

PHI and this action is instead brought against XYZ CORP. PHI does not know the identity of XYZ CORP. Defendant Sendero is aware of the identity of XYZ CORP.

## JURISDICTION AND VENUE

9. The Court has federal question subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the federal No Surprises Act, which is a federal law making the IDR award "binding" on Defendant and also requires Defendant to pay what is owed within thirty days of the IDR entity's decision. 42 U.S.C. §300gg-112(b)(6).

10. Venue is proper in this District because Defendant Sendero maintains an office here, and a substantial portion of the acts and omissions giving rise to the claims at issue occurred here.

11. This Court has personal jurisdiction over Defendant because Defendant does significant business in this State and have a significant presence here, and PHI's claims arise out of Defendant's contacts with Texas.

## BACKGROUND ON THE NO SURPRISES ACT

12. The No Surprises Act creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services (which the Act calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out of network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount." 42 U.S.C.§ 300gg-112(a)(3)(B).[1]

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. §

13. The NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K).

14. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.* § 300gg-112(b)(5)(B). The IDR entity considers a number of factors, *see id.* § 300gg-112(b)(5)(C) & (D), and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* § 300gg-112(b)(5)(A).

15. The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

**(i) In general**

A determination of a certified IDR entity under subparagraph (A)--

(I) shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

(II) shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

---

300gg-111 *et seq.*; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e *et seq.* (ERISA); and 26 U.S.C. §§ 9816 *et seq.* (the Internal Revenue Code "IRC"). For ease of reference, this complaint cites the PHS Act provisions. The other provisions do not differ from the PHS Act provisions in any way that is significant for purposes of this petition.

42 U.S.C § 300gg-111(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 300gg-112(b)(D).

16. The group health plan or insurer must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

## **THE FACTS OF THIS DISPUTE**

17. In 2023, PHI supplied emergency air ambulance transport services to a patient who was insured by Defendant. The patient's identifying number under the policy was 62311162701. PHI received a copy of patient's insurance card, to obtain information about this patient's health insurance coverage. According to the patient's insurance card, the Plan Name is "Expanded Bronze HSA on Exchange." On information and belief, Sendero had issued the patient a health insurance policy purchased through a health exchange pursuant to the Patient Protection and Affordable Care Act (ACA, known colloquially as "Obamacare").

18. PHI sent Sendero a bill for the transportation services provided to this patient.

19. On May 22, 2023, Sendero sent PHI an "Explanation of Benefits" form relating to the transport at issue in this case. That form stated that the "Claim No" was 1711089 for service codes A0431 and A0436. The form stated that Sendero was making initial payments to PHI for service code A0431 in the amount of $4,300.61 and for service code A0436 in the amount of $272.80. The form stated that the "Co-Pay" and "Co-Ins" was "$0.00."

20. On June 2, 2023, following the open negotiation period, PHI initiated IDR proceedings by submitting Notices of Initiation through the federal IDR Portal for the transport at issue in this case. PHI gave valid notice to Sendero of the initiation of IDR proceedings.

21. The IDR dispute for service code A0431 was assigned IDR reference number 526841, and the IDR dispute for service code A0436 was assigned IDR reference number 526842. The IDR entity assigned to both disputes was National Medical Reviews, Inc. (the "IDR Entity").

22. On January 19, 2024, the IDR Entity transmitted to PHI its Written Payment Determination Notice (the "IDR Award") for A0431. The IDR Award determines that the appropriate out-of-network rate for this transport is $33,089.72. The IDR Award is attached hereto as Exhibit 1.

23. On January 5, 2024, the IDR Entity transmitted to PHI its Written Payment Determination Notice (the "IDR Award") for A0436. The IDR Award determines that the appropriate out-of-network rate for this transport is $4,070.50. The IDR Award is attached hereto as Exhibit 2.

24. The No Surprises Act obligates Defendant to pay PHI a total amount of $32,586.81 (the "IDR Award Balance Owed"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Awards; minus (ii) the patient's "cost sharing" amount as determined by Defendant, and minus (iii) the amounts previously paid by Defendant:

| **Service Code** | **IDR No** | **IDR Awards** | **Initial Payment** | **Patient's "Cost Sharing"** | **IDR Awards Balance Owed** |
|---|---|---|---|---|---|
| A0431 | 526841 | $33,089.72 | $4,300.61 | $0.00 | $28,789.11 |
| A0436 | 526842 | $ 4,070.50 | $ 272.80 | $0.00 | $ 3,797.70 |

25. To date, Defendant has not paid PHI the full amount it owes, which is $32,586.81.

## CAUSES OF ACTION

### Count I
### Implied Right of Action under the NSA

26. PHI incorporates by reference the allegations of the preceding paragraphs.

27. The No Surprises Act includes an implied right of action against Defendant for the amount owed to PHI.

28. Specifically, the No Surprises Act requires Defendant to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6). The No Surprises Act thus requires Defendant to pay $32,586.81 to PHI for the transport at issue in this case.

29. Defendant has failed to pay PHI what is owed pursuant to the No Surprises Act.

**<u>Count II</u>**
**<u>Application to Confirm the IDR Award</u>**
**<u>Under the Federal Arbitration Act, 9 U.S.C § 9</u>**

30. PHI incorporates by reference the allegations of the preceding paragraphs.

31. The IDR Awards should be confirmed by judgment of this Court pursuant to the FAA, 9 U.S.C. § 9.

32. The IDR Awards are valid and have not been vacated or set aside by any authority.

33. No grounds exist for vacating, modifying, or correcting the IDR Awards.

34. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendant is obligated to pay to PHI.

**<u>Count III</u>**
**<u>Application to Confirm the IDR Award</u>**
**<u>Under the Texas Arbitration Act</u>**

35. PHI incorporates by reference the allegations of the preceding paragraphs.

36. The IDR Awards should be confirmed by judgment of this Court pursuant to the Texas Arbitration Act. *See* TEX. CIV. PRAC & REM. CODE §171.002, *et seq*.

37. The IDR Awards are valid and have not been vacated or set aside by any authority.

38. No grounds exist for vacating, modifying, or correcting the IDR Awards.

39. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendant is obligated to pay to PHI.

**Count IV**
**Suit on Sworn Account**

40. PHI incorporates by reference the allegations of the preceding paragraphs.

41. PHI provided services to and on behalf of Defendant for the benefit of its insured and pursuant to the No Surprises Act on an open account. Defendant accepted the services and became bound to pay PHI's designated charges, which according to the IDR Awards are reasonable and customary for such services.

42. PHI attaches as Exhibit 3 the record of the account and as Exhibit 4 the required affidavit to such record. PHI incorporates both Exhibit 3 and Exhibit 4 herein. The account accurately sets forth the services PHI provided, including the dates of performance, and the cost of the services PHI provided. The account represents a record of the transaction that is similar to records PHI systematically keeps in the ordinary course of business.

43. After PHI performed the services, Defendant made partial payments to PHI totaling $4,573.41. The dates and amounts of Defendant's payments are fully accounted for and credited to the account, as reflected in Exhibit 3.

44. This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. PHI attaches as Exhibit 4 the affidavit verifying these facts.

45. The principal balance due and owing on the account is $32,586.81.

46. PHI is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(7) because this is a suit on a sworn account. PHI retained

counsel, who presented PHI's claim to Defendant. Defendant did not tender the amount owed within 30 days after the claim was presented.

**Count V**
**Texas Prompt Payment of Claims Act**

47. PHI incorporates by reference the allegations of the preceding paragraphs.

48. PHI billed Defendant for health care services furnished to the patient, thereby making a valid claim on the relevant health insurance policy.

49. Acknowledging liability as to these claims for health care services provided by PHI, Defendant partially paid out this claim in the amount of $4,573.41.

50. Defendant failed to pay in full the amounts billed by PHI and due under the relevant insurance policy and IDR Award.

51. Defendant has not provided PHI written notification stating that it is not obligated to pay in full the amounts billed by PHI for services provided to the patient and subject to the IDR Award and identifying the specific reasons why it is not liable for such amounts.

52. Because it has failed to adhere to the standards set forth in the Texas Prompt Payment of Claims Act, Tex. Ins. Code § 542.051 et seq., Defendant is obligated to pay PHI (i) the full amount of the claims submitted by PHI for services furnished to the patient that have been due and owing for more than 45 days, (ii) interest in the amount of 18% per annum from the date Defendant was required to pay such amounts, pursuant to the IDR Awards, and (iii) reasonable and necessary attorneys' fees pursuant to Texas Insurance Code § 542.060(a).

**PRAYER FOR RELIEF**

53. PHI requests that the Court enter final judgment in its favor and against Defendant as follows:

a. Ordering Defendant to pay the IDR Awards pursuant to the No Surprises Act;

b. Confirming the IDR Awards pursuant to the Federal Arbitration Act;

c. Confirming the IDR Awards pursuant to the Texas Arbitration Act;

d. Ordering Defendant to pay PHI the amount of $32,586.81, representing the IDR Awards Balance Owed;

e. Ordering Defendant to pay PHI interest on the amounts owed under the Texas Prompt Payment Act;

f. Ordering Defendant to pay PHI pre-judgment interest as of the date of the IDR Awards;

g. Ordering Defendant to pay PHI post-judgment interest;

h. Ordering Defendant to pay PHI's attorney's fees incurred in this action, the amount of which PHI will prove by separate motion; and

i. Awarding PHI all other relief to which it may be entitled.

Dated: January 3, 2024

Respectfully submitted,

By: /s/ Scarlett Collings

Scarlett Collings
Texas Bar No. 24001906
USDC-WDTX No. 24001906
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 653-7891
Facsimile: (713) 654-6666
Email: scollings@susmangodfrey.com

Anna Haddad
Texas Bar No. 24061900
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 655-5654
Facsimile: (713) 654-6666

Email: ahaddad@susmangodfrey.com
*Pro Hac Vice Admission Forthcoming*

*Counsel for Plaintiff, PHI Health, LLC*